## DUBOIS v. DECKER.

(Circuit Court of Appeals, Third Circuit. February 24, 1902.)

### No. 44.

APPEAL—PROCEEDINGS NOT IN RECORD—NECESSITY OF BILL OF EXCEPTIONS.

Assignments of error based on the charge of the court or rulings on the admission of evidence present no question which can be considered by the appellate court, unless the charge and the evidence adduced have been brought into the record by bills of exception, duly certified and sealed by the trial judge.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

G. A. Jenks, for plaintiff in error.

A. L. Cole, for defendant in error.

Argued before DALLAS and GRAY, Circuit Judges, and KIRKPATRICK, District Judge.

GRAY, Circuit Judge. This case comes before us on a writ of error to the circuit court for the Western district of Pennsylvania. The suit was brought to recover for the price of goods sold and delivered by plaintiff below to defendant below. The principal defense was the alleged failure of plaintiff to deliver in the time stipulated for in the correspondence between the parties, the other defenses being the alleged inadequacy of the log loader (the subject matter of the sale) to do its work, etc. The record presents the docket entries in the suit:—the statement of claim and the affidavit of defense, the issues joined, the submission of the same to the jury, certain requests to the court to charge, by plaintiff and defendant respectively, the verdict of the jury, in favor of plaintiff, for $4,438.18, motion by defendant in arrest of judgment, order of the court denying the same, and final judgment for the amount of the verdict. The petition for a writ of error, and its allowance by his honor, Judge Acheson, is also set forth, together with the supersedeas bond.

In this court, the plaintiff has filed six assignments of error. The first four allege error by the court in its conclusions of law, as stated in its charge to the jury. These assignments of error set forth as their basis, at great length, what purport to be extracts from the charge of the learned judge of the court below, and also what purport to be portions of the evidence, documentary and oral, to which the said extracts from the said charge relate. The fifth and sixth assignments allege error in the exclusion by the court of certain testimony, with what purports to be a statement of the offers of testimony, so alleged to have been refused.

These are the only assignments, and we look in vain to the record for any matter to which they refer. They deal exclusively with the charge and rulings of the court, and the evidence adduced at the trial before the jury. The charge of the court, its rulings during the trial, as to the exclusion or admission of testimony and the evidence adduced before the jury, are not of themselves part of the record. They can only be made such by bills of exception, duly presented and sealed by the trial judge. The law and practice in this regard is well es-

tablished, and requires no discussion. No bills of exception to either the charge or the rulings of the court are included in the record here, and none, in fact, are alleged to have been presented to, or sealed by the learned judge of the court below. The assignments of error are, therefore, in the air, as the charge and rulings of the court below, upon which they purport to be founded, are not before this court for review, as part of the record in the case.

The counsel for plaintiff in error, as if for the purpose of remedying this defect in the record, has added to his brief of argument, submitted to this court, an appendix, containing what purports to be a full stenographic report of all the testimony taken at the trial, including a copy of all the correspondence between the parties, and admitted in evidence. This, of course, can in no way supply the want of a properly certified and sealed bill of exceptions. We have, however, examined the same, and, in view of the zeal and ability of the counsel for the plaintiff in error, think it proper to state, that we are of opinion, that, if the portions of the charge criticised, and the evidence, especially that contained in the correspondence between the parties, to which they relate, are correctly set forth, there was no error in the conclusions of law reached by the learned judge of the court below.

For the reason that neither the charge of the court, as a whole, nor the parts to which the assignments of error refer, nor the evidence, in whole or in part, upon which the said alleged erroneous conclusions of law by the court below were founded, are before this court, as part of the record, the motion of counsel for the defendant in error, that the judgment below be affirmed pro forma, must be granted, and

It is so ordered.